JOHN A. STEER & CO., A/C HALF MOON MFG. & TRADING CO., v. UNITED STATES

No. 5091.—Invoices dated Schiedam, Holland, April 16, 1935, May 2, 1935.
  Certified April 17, 1935, May 2, 1935.
  Entered at Philadelphia, Pa. May 9, 1935, May 21, 1935.
  Entry Nos. 8017, 8354.

(Decided January 13, 1941)

Daniel P. McDonald for the plaintiffs.
Charles D. Lawrence, Acting Assistant Attorney General (Dorothy C. Bennett, special attorney), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable values of certain metal bottle caps imported from Holland and entered at the port of Philadelphia in May 1935.

At the hearing held in New York on November 19, 1940, before Kincheloe, Judge, the plaintiff offered in evidence the testimony of a single witness, Adrian Vuyk, who testified that he is the president of the Half Moon Manufacturing & Trading Co., the ultimate consignee herein; that he recalled testifying in the case of Half Moon Manufacturing & Trading Co., Inc. v. United States, in reappraisement 110709–A; that he is familiar with the merchandise involved in that case; and that the merchandise in the instant case is similar in all material respects to the merchandise in said reappraisement 110709–A.

At the conclusion of the witness' testimony, counsel for the plaintiff moved to incorporate the record in said reappraisement 110709–A, Suit No. 4276, C. A. D. 115, which motion was granted by the trial court, and the record in said case was duly incorporated herein. The following colloquy then took place:

Judge KINCHELOE. Is the case submitted?
Mr. McDONALD. No, Your Honor, I want to call Mr. Bornstein, as Plaintiff's witness. To save time I offer to stipulate with Government Counsel that the conditions in Holland which were portrayed in the Special Agent's report, introduced in the test case continued throughout the period during which the mer-

chandise in the test case at bar was imported. If this is agreeable, I won't need to call Mr. Bornstein.

Mrs. Bennett. If Your Honor please, on the statement of the Customs Examiner at New York, calling your attention of course, to the fact that these are Philadelphia entries, based upon information in the possession of the Customs Examiner in New York, the conditions in Holland were the same during the export period here involved, as the conditions in the test case just incorporated.

Upon this record I follow the cited decision and find that the entered values of the involved bottle caps constitute the export and dutiable values thereof.

Judgment will be rendered accordingly.